John JOHNSTON and Kathryn Johnston, Appellants,

v.

Dr. Isadore RODIS, Appellee.

No. 14076.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 10, 1957.

Decided Jan. 23, 1958.

---

Mr. Cornelius H. Doherty, Washington, D. C., for appellants.

Mr. J. Joseph Barse, Washington, D. C., with whom Messrs. H. Mason Welch, J. Harry Welch and Arthur V. Butler, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and PRETTYMAN and BASTIAN, Circuit Judges.

EDGERTON, Chief Judge.

The complaint makes the following allegations. The plaintiff Kathryn Johnston consulted the defendant Dr. Rodis for the purpose of obtaining certain treatments and "questioned" him concerning the treatments. He advised her "that the treatments as given by him were perfectly safe". "Relying upon the statements" he made, she submitted herself to him for the treatments. On May 10, 1952, he commenced a treatment "and upon her regaining consciousness she learned that while under the direction, care and supervision of the defendant she sustained a fracture of her left arm." Serious, permanent and painful injuries resulted.

The defendant's answer says that because of the plaintiff's condition he gave her electric shock therapy in accordance with the approved method and practice of physicians specializing in psychiatry. The answer denies that the defendant "advised the treatments were perfectly safe".

Though the complaint does not say the defendant knew the treatments were not perfectly safe, the defendant says in a deposition that the plaintiff's injury was caused by the "convulsive seizure which ensued as a result of the electric shock treatment"; that in the defendant's practice, about 5 or 6 or 7 fractures of the arm had been caused in this way; and that the "usual, the most common, are fractures of the vertebrae; that is, the backbone. * * * The long bones are next."

The District Court gave summary judgment for the defendant and the plaintiffs appeal.

The plaintiffs relied at pretrial on *res ipsa loquitur* and breach of warranty. As the District Court said, the plaintiffs made no charge of specific negligence and did not propose to offer any evidence of negligence. We agree with the District Court that *res ipsa loquitur* does not apply. Doubtless a physician's statement that he would cure a disease could seldom if ever be regarded as a warranty. But that is not this case. The statement attributed to the defendant, that shock treatments are "perfectly safe", contains less of prediction and more of present fact. We think this statement, if the defendant made it and did not qualify it in any way, might properly be found to be a warranty. It follows that summary judgment should not have been granted.

Reversed.